# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL WILLIAMS, | : | Civil No. 3:19-cv-1619 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| ANGELA HOOVER, WARDEN OF | : | |
| THE CLINTON COUNTY | : | |
| CORRECTIONAL FACILITY, *et al.*, | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner Paul Williams ("Williams"), a detainee of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), presently confined at the Clinton County Correctional Facility, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging the constitutionality of his continued detention pending removal from the United States and seeking an individualized bond hearing.

The petition is ripe for disposition. For the reasons set forth below, the petition will be granted to the extent that the Court will direct that Williams be provided a bond hearing.

## I. Background

On November 10, 2000, Williams, a native and citizen of Trinidad and Tobago, was admitted to the United States at New York, New York, as a Lawful Permanent Resident. (Doc. 6-1, p. 7). On September 7, 2016, he was convicted in the United States

District Court for the Northern District of New York of Conspiracy to Possess with Intent to Distribute a Controlled Substance. (Id.). Thereafter, the trial court sentenced him to a term of sixty months imprisonment. (Id.).

Upon completion of his federal sentence, ICE took Williams into custody. ICE issued a Notice to Appear on June 19, 2018, charging him as removable from the United States pursuant to Sections 237(a)(2)(A)(iii) and (B)(i) of the Immigration and Nationality Act ("INA") in that at any time after admission he was convicted of violating law related to a conspiracy and a controlled substance. (Id.). On July 6, 2018, DHS issued a "Notice of Custody Determination" indicating that pursuant to "section 236 of the [INA] and part 236 of title 8, Code of Federal Regulations" Williams would remain detained based on the description of the criminal conduct contained in the Notice to Appear, *inter alia*. (Id. at pp. 10, 11).

On March 29, 2019, the immigration judge ("IJ") denied all of Williams' applications for relief from removal and ordered him removed from the United States. (Id. at pp. 13-30). Williams timely appealed to the Board of Immigration Appeals ("BIA"). On August 31, 2019, the BIA dismissed his appeal. (Id. at pp. 33-36).

Williams then filed a Petition for Review with the United States Court of Appeals for the Third Circuit. See Williams v. Att'y Gen., No. 19-3126 (3d Cir. 2019). The Third Circuit issued a temporary stay of removal pursuant to its standing practice order on September 16, 2019, see electronic docket, https://www.pacer.gov, Williams v. Att'y Gen., No. 19-3126, Doc. 003113349511, and granted Williams's motion to proceed *in*

*forma pauperis* on October 18, 2019, id. at Doc. 003113379054. No further action has been taken by the Third Circuit.

Williams filed the instant petition on September 19, 2019. (Doc. 1). At present, he has been detained for approximately twenty months.

**II.     Discussion**

Williams is detained pursuant to 8 U.S.C. § 1226 which requires the Attorney General to detain any noncitizen who is inadmissible or deportable on criminal grounds. 8 U.S.C. § 1226. The custody provision relevant here provides that "[t]he Attorney General shall take into custody any alien who-- (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]" 8 U.S.C. § 1226(c)(1)(B). The provision governing release states: "The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled hearing." 8 U.S.C. § 1226(c)(2).

In the United States Supreme Court case of Jennings v. Rodriguez, — U.S. —, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018), the Supreme Court reversed the United States

Court of Appeals for the Ninth Circuit's holding that non-citizens detained under §§ 1225(b)(1), (b)(2), and 1226(c) are entitled to bond hearings every six months. *Jennings*, 138 S.Ct. at 842. Jennings held that the language of section 1226(c) authorizes unlimited detention pending removal proceedings of an alien who is deportable on the basis of criminal involvement, and that no implicit restraint on the length of detention can be read into the statute. Jennings, 138 S.Ct. at 847. Specifically, "§ 1226(c) is not 'silent' as to the length of detention. It mandates detention 'pending a decision on whether the alien is to be removed from the United States' ... and it expressly prohibits release from that detention except for narrow, witness-protection purposes.... Indeed, we have held as much in connection with § 1226(c) itself. In Demore v. Kim, 538 U.S., at 529, 123 S.Ct. 1708, we distinguished § 1226(c) from the statutory provision in Zadvydas by pointing out that detention under § 1226(c) has 'a definite termination point': the conclusion of removal proceedings. As we made clear there, that 'definite termination point'—and not some arbitrary time limit devised by courts—marks the end of the Government's detention authority under § 1226(c)." Jennings, 138 S.Ct. at 846. Consequently, he is not entitled to a bond hearing pending the completion of removal proceedings.

However, "Jennings did not call into question [the] constitutional holding in Diop [v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir. 2011)] that detention under § 1226(c) may violate due process if unreasonably long." Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274, 278 (3d Cir. 2018). It remains the case that the "constitutionality of [§ 1226(c) detention] is a function of the length of the detention [and t]he constitutional case

4

for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [must be] highly fact specific." Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 474–75 (3d Cir. 2015); see also Diop, 656 F.3d at 232, 234.  "[D]ue process requires us to recognize that, at a certain point—which may differ case by case—the burden to an alien's liberty outweighs a mere presumption that the alien will flee and/or is dangerous. At this tipping point, the Government can no longer defend the detention against claims that it is arbitrary or capricious by presuming flight and dangerousness: more is needed to justify the detention as necessary to achieve the goals of the statute. As we said in Diop, section 1226(c) 'implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.' Id. at 231." Chavez-Alvarez, 783 F.3d at 474-75.  The prolonged mandatory detention of an alien will therefore amount to an unconstitutional application of § 1226(c) only where the alien's prolonged detention has become "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." Dryden v. Green, 321 F. Supp. 3d 496, 502 (D.N.J. 2018); see also Demore, 538 U.S. at 432; Chavez-Alvarez, 783 F.3d at 474.

Based on this constitutional framework, following Jennings, district courts in this circuit have largely found that detention for just over a year pursuant to § 1226(c) is

insufficient to amount to an arbitrary deprivation of liberty and will thus not suffice to prove that the statute has been unconstitutionally applied. Dryden, 321 F. Supp. 3d at 502–03 (detention for just over a year not unconstitutional); Fernandez v. Lowe, No. 3:17-CV-2301, 2018 WL 3584697, at *4 (M.D. Pa. July 26, 2018) (detention for fifteen months not unconstitutional given regular progression of proceedings); Carlos A. v. Green, No. 18-741, 2018 WL 3492150, at *5 (D.N.J. July 20, 2018) (detention for just over thirteen months not unconstitutional). Significantly longer periods of detention, however, in the absence of bad faith, have been found to be so prolonged as to be an arbitrary, and thus unconstitutional, application of § 1226(c) absent a bond hearing. *See, e.g.,* Chikerema v. Lowe, No. 1:18-cv-1031, 2019 WL 3891086, (M.D.Pa. Aug. 19, 2019 (concluding detention for more than twenty months warranted an individualized bond hearing absent bad faith, *inter alia*): K.A. v. Green, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (determining detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal); Vega v. Doll, No. CV 3:17-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8, 2018) (finding detention for twenty-one months has become so prolonged that it has become arbitrary and unreasonable in this particular case such that petitioner is entitled to an individualized bond hearing); Destine v. Doll, No. 3:17-CV-1340, 2018 WL 3584695, at *5 (M.D. Pa. July 26, 2018) (same).

Although "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute," Chavez-Alvarez, 783 F.3d at 476, where an alien's detention becomes unreasonably prolonged merely because he has pursued valid challenges to his removal, his detention may eventually become so arbitrary that the Due Process clause requires a bond hearing. See K.A. v. Green, 2018 WL 3742631, at * 4.

The Court has undertaken the fact sensitive inquiry delineated in Diop and Chavez-Alvarez. There is no indication that Williams has engaged in bad faith in the underlying immigration proceedings. Rather, he has timely, and with regularity, challenged his removal from the United States. He has been detained for twenty months thus far, and, will remain so detained until his Petition for Review is adjudicated. We are therefore constrained to conclude that his detention has become unreasonably prolonged such that due process requires that he be afforded an individualized bond hearing before an IJ. The bond hearing shall be conducted pursuant to the procedures and standards outlined in Diop. See Borbot, 906 F.3d at 279 (noting that Diop places the burden of proof on the Government in §1226(c) cases).

### III. Conclusion

For the above stated reasons, the Court will grant the petition pursuant to 28 U.S.C. § 2241 and direct that Williams receive an individualized bond hearing before an IJ.

An appropriate Order will enter.

                                                  **BY THE COURT:**

                                                  **s/James M. Munley**
                                                  **JUDGE JAMES M. MUNLEY**
                                                  **United States District Court**

**Dated:** February 25, 2020